UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
MALIBU MEDIA, LLC

                Plaintiff,      18 Civ. 1926 (DAB)
    v.

                                       ORDER

JOHN DOE, SUBSCRIBER ASSIGNED IP
ADDRESS 68.174.64.6,

                Defendant.
----------------------------------------X
DEBORAH A. BATTS, United States District Judge:

    Before the Court is Plaintiff Malibu Media LLC's Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference. Plaintiff seeks leave to serve a subpoena on Defendant John Doe's internet service provider ("ISP"), Time Warner Cable, in order to discover Defendant John Doe's true identity. For the reasons stated below, Plaintiff's Motion is GRANTED, subject to the Protective Order outlined below.[1]

    Plaintiff brings this suit for copyright infringement relating to its copyrighted videos, which contain pornographic material, and which are generally shared through Plaintiff's own subscription-based website. Plaintiff alleges that the Defendant has infringed its copyrights through use of the BitTorrent file distribution network. This lawsuit is one of hundreds brought by Malibu Media against John Doe Defendants in this District and around the country over the last several years.

---

[1] This Protective Order is modeled after a similar order in Digital Sin, Inc. v. Does 1-276, 279 F.R.D. 239, 241 (S.D.N.Y. 2012).

Generally, while a party may not initiate discovery prior to a Rule 26(f) conference taking place, a Court may order discovery earlier upon a showing of good cause and reasonableness. See, e.g., Digital Sin, Inc. v. Does 1-276, 279 F.R.D. 239, 241 (S.D.N.Y. 2012); Next Phrase Distribution, Inc. v. John Does 1-27, 284 F.R.D. 165, 171 (S.D.N.Y. 2012). The Court finds that there is good cause for allowing discovery prior to the Rule 26(f) conference because Plaintiff cannot discover the true identity of the Defendant, and therefore cannot fully prosecute this matter, without such discovery, and because Plaintiff has made the requisite prima facie showing of infringement. Without an Order of the Court, Time Warner Cable, which is a "cable operator" for purposes of 47 U.S.C. § 522(5), would be prohibited from disclosing the personally identifying information sought here. 47 U.S.C. § 551(c)(2)(B).

However, due to the sensitive nature of the allegations, the "risk of false positives" that may "give[] rise to the potential for coercing unjust settlements from innocent defendants," and reports of abusive and harassing conduct from plaintiffs against defendants in analogous cases, the Court finds it appropriate to issue a Protective Order in this case.[2] Digital Sin, 279 F.R.D. at 242 (internal citations and quotations omitted); Next Phase Distribution, 284 F.R.D. at 171-

---

[2] Plaintiff has consented to permitting the Defendant to proceed anonymously, should the Defendant make such a request. (Pl.'s Mot. 5.)

2

72 (citing Fed. R. Civ. P. 26(c)(1)) ("The court may, for good cause, issue an order to protect a party or a person from annoyance, embarrassment, oppression, or undue burden or expense."); see also Patrick Collins, Inc. v. Does 106, No 12. Civ. 2964 (JPO), 2012 WL 2001957, at *1-2 (S.D.N.Y. June 1, 2012); Malibu Media, LLC v. Doe, No. 15 Civ. 4743 (JFK), 2015 WL 5013874, at *1-2 (S.D.N.Y. Aug. 18, 2015). The Court also rejects Plaintiff's Proposed Order insofar as it permits Plaintiffs to serve subpoenas on other ISPs, in addition to Time Warner Cable, identified as providers of internet services to the Defendant without obtaining additional leave of the Court.

Accordingly, it is HEREBY ORDERED that Plaintiff may immediately serve a Rule 45 Subpoena on Time Warner Cable to obtain information to identify Defendant John Doe, specifically his or her name and address. The Subpoena shall have a copy of this Order attached.

IT IS FURTHER ORDERED that Time Warner Cable will have 60 days from the date of service of the Rule 45 Subpoena upon it to serve Defendant John Doe with a copy of the Subpoena and a copy of this Order. Time Warner Cable may serve the Defendant using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service.

IT IS FURTHER ORDERED that the Defendant shall have 60 days from the date of service of the Rule 45 Subpoena and this Order

upon him or her to file any motions with this Court contesting the Subpoena (including a motion to quash or modify the Subpoena), as well as any request to litigate the Subpoena anonymously. Time Warner Cable may not turn over the Defendant's identifying information to Plaintiff before the expiration of the 60-day period. Additionally, if the Defendant or ISP files a motion to quash the Subpoena, the ISP may not turn over any information to the Plaintiff until the issues have been addressed and the Court issues an Order instructing the ISP to resume in turning over the requested discovery.

IT IS FURTHER ORDERED that if the 60-day periods elapse without the Defendant or ISP contesting the Subpoena, the ISP shall have 10 days to produce the information responsive to the Subpoena to Plaintiff. A Doe Defendant who moves to quash or modify the Subpoena, or to proceed anonymously, shall at the same time as her or his filing also notify the ISP so that the ISP is on notice not to release any of the Defendant's contact information to Plaintiff until the Court rules on any such motions.

IT IS FURTHER ORDERED that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

IT IS FURTHER ORDERED that an ISP that receives a Subpoena pursuant to this Order shall confer with Plaintiff and shall not assess any charge in advance of providing the information

4

requested in the Subpoena. An ISP that receives a Subpoena and elects to charge for the costs of production shall provide a billing summary and cost report to Plaintiff.

IT IS FURTHER ORDERED that any information ultimately disclosed to Plaintiff in response to a Rule 45 Subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in the Complaint.

SO ORDERED.

Dated:   New York, New York
         March 15, 2018

*Deborah A. Batts*
Deborah A. Batts
U.S. District Judge